**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **JASON R. PERRY, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 1:26-cv-00127-LAG-CHW** |
| | : | |
| **DIAGNOSTIC AND** | : | |
| **CLASSIFICATION FACILITY, *et al.*,** | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| **Defendants.** | : | |

## ORDER

*Pro se* Plaintiff Jason R. Perry, Jr., a prisoner at Valdosta State Prison in Valdosta, Georgia, filed a complaint under 42 U.S.C. § 1983 in the Northern District of Georgia. ECF No. 1. His complaint has been transferred to this Court. ECF Nos. 3, 4. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. As explained below, Plaintiff's request to proceed IFP is **GRANTED** and he must now recast his complaint to state a claim for which relief may be granted.

## MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**. However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in

the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the

dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**INITIAL REVIEW OF PLAINTIFF'S COMPLAINT**

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). A *pro se* prisoner complaint is subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See id.*

Plaintiff utilized a standard form for drafting his complaint. *See* ECF No. 1. When asked to "state … as briefly as possible the facts of your case", Plaintiff's only response is "see attachment 2". *Id.* at 3-4. However, Plaintiff does not include anything with his complaint titled "attachment 2" nor does he give any allegations anywhere in his

pleadings that explain why he is bringing a § 1983 lawsuit nor what any of his listed Defendants have done to violate his civil rights. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

As to Plaintiff's naming of the Trion Post Office and Abbeville Post Office as Defendants, United States Post Offices are improper Defendants to a § 1983 lawsuit. First, pursuant to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued" is determined "by the law of the state where the court is located" and the Georgia Supreme Court has explained that there are only three classes of legal entities: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Georgia Insurers Insolvency Pool v. Elbert Cty.*, 368 S.E.2d 500, 502 (Ga. 1988) (quoting *Cravey v. Southeastern Underwriters Ass'n.*, 105 S.E.2d 497, 500 (Ga. 1958). A post office is simply a building where mail is processed so it does not

fall into any of these categories. Second, a civil rights claim against any federal actor, such as a postal employee, would have to be brought pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and not as a § 1983 claim.

Plaintiff also lists the Georgia Department of Corrections and several different prisons as Defendants. ECF No. 1-1. The Eleventh Amendment bars suits directly against a state or its agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The Georgia Department of Corrections and its prisons, as agencies of the State of Georgia, are thus protected by sovereign immunity. *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

Plaintiff similarly names the Camilla Police Department as a Defendant. ECF No. 1-1. Federal courts have long recognized that sheriff's departments, county detention facilities, and police departments are not legal entities subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities

subject to suit . . . ."); *Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328 (S. D. Ga. 2003) (dismissing claim against police department, reasoning that it was not a legal entity subject to suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984) (concluding that the City of Atlanta Police Department is not a proper defendant because it is "merely the vehicle through which the City government fulfills its policing function"). Therefore, it is futile for Plaintiff to name the Georgia Department of Corrections, any prison, or any police or sheriff's department as a Defendant in a § 1983 action.

Lastly, besides naming different entities, especially prisons, from all over the State of Georgia as Defendants, Plaintiff states in his request for relief that he wants "compensation" for all the damage done to him by prison officials who have caused him "problems upon [his] entire incarceration". ECF No. 1 at 4; ECF No. 1-1. A plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a

"logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Just because alleged events occur to one Plaintiff throughout his incarceration time at various prisons or even in one prison does not necessarily make claims about those allegations related under Rule 20. *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ." Thus, if Plaintiff wants to raise § 1983 claims against prison officials from different state prisons and his claims against these individuals involve distinctive events, then he must raise these claims in a separate civil action that must be filed in the district court that has proper jurisdiction and venue over such claims. *See* Fed. R. Civ. P. 20; 28 U.S.C. § 90.

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects with his complaint. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is now required to submit a recast complaint if he wishes to proceed. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. It is recommended that, when drafting his

statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?[1]

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's amended complaint will take the place of his original complaint. In other words, the Court will not

---

[1] It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." (internal quotation marks omitted)).

refer to the original complaint to see if Plaintiff has stated a viable claim.

Plaintiff is to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form. Plaintiff should state his claims as simply as possible. He need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed or this entire civil action may be dismissed because he has now been instructed not to file a civil action with improperly joined claims. ***The recast complaint cannot be longer than ten pages in its entirety***. Plaintiff is not to include any exhibits or attachments or file supplements to his complaint that would take his complaint beyond this ten-page limit.

**CONCLUSION**

Plaintiff's motion to proceed IFP (ECF No. 2) is **GRANTED** and he is **ORDERED** to recast his complaint on the Court's standard form as instructed above. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint if he wishes to proceed. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be

no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 13th day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge